# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **JAY ELMER STANTON,** | § | |
| | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL ACTION V-09-48** |
| | § | |
| **RICK THALER[1],** | §, | |
| | § | |
| **Respondent.** | § | |

## Memorandum Opinion and Order

Jay Elmer Stanton ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1).  Respondent has filed a Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) with Brief in Support, (Dkt. No. 12)[2], and Petitioner has responded, (Dkt. No. 14).  After considering the Parties' arguments, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.[3]

## Factual Background

Petitioner is incarcerated pursuant to a judgment and sentence of the 24th Judicial District Court of Calhoun County, Texas, cause number 2006-1-6393, styled *The State of Texas v. Jay Elmer Stanton.  Ex parte Stanton*, Application No. 71,190-01, SHCR at 5.[4]  The

---

[1]Rick Thaler is the proper respondent and is hereby substituted as such.  Fed. R. Civ. P. 25(d).

[2]Respondent also filed an Amended Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) with Brief in Support. (Dkt. No. 18).  Respondent's amended motion is identical to his first motion, except that "Exhibit A" is attached to the amended motion.  This Order disposes of Respondent's motion, (Dkt. No. 12), and amended motion, (Dkt. No. 18).

[3]Petitioner requests an evidentiary hearing.  (Dkt. No. 14 at 10).  Because Petitioner has not shown that a hearing is necessary to the adjudication of his claims, the Court DENIES Petitioner's request for an evidentiary hearing.

[4]"SHCR" refers to the clerk's record of Petitioner's state writ history.

State charged Petitioner with delivery of a controlled substance.  *Id.* at 2.  Petitioner pled not

guilty to the charge and proceeded to trial before a jury.  *Id.* at 5.  The jury found Petitioner

guilty and sentenced him to sixty years imprisonment on July 19, 2006.  *Id.*

     Petitioner appealed and his conviction was affirmed on October 18, 2007.  *Stanton v.*

*State*, No. 13-06-437-CR, 2007 WL 3025099 (Tex. Ct. App.—Corpus Christi, Oct. 18, 2007).

Petitioner claims that he did not receive notice of the state appellate court's decision until

March 14, 2008.  (Dkt. No. 14 at 7 & Exs. B-C).  Petitioner did not file a petition for

discretionary review ("PDR") with the  Texas Court of Criminal Appeals ("CCA").  (Dkt. No.

18, Ex. A).

     Petitioner then filed a federal petition for habeas corpus on May 19, 2008, which was

dismissed without prejudice for Petitioner's failure to exhaust state court remedies on July 14,

2008.  *Stanton v. Quarterman*, Civ. Action No. 6:08-cv-50 (S.D. Tex. 2008) (Dkt. Nos. 1 & 3).

Petitioner filed a state application for writ of habeas corpus on November 7, 2008.  SHCR at

10.  That application was denied without written order on January 14, 2009.  SHCR at cover.

     Petitioner placed the instant petition in the prison mailing system on July 21, 2009.

(Dkt. No. 1 at 15).

### Statute of Limitations

     Petitioner filed his federal habeas petition on July 21, 2009.  (Dkt. No.1).  His petition

is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-

Terrorism and Effective Death Penalty Act ("AEDPA").  *See Flanagan v. Johnson*, 154 F.3d

196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April

24, 1996, effective date are subject to the provisions of that statute, including the statute of

limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)).  Under the AEDPA, federal

habeas petitions which challenge state court judgments are subject to a one-year limitations

period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court of Appeals of Texas affirmed Petitioner's conviction on October 18, 2007.

*Stanton v. State*, No. 13-06-437-CR, 2007 WL 3025099 (Tex. Ct. App.—Corpus Christi, Oct.

18, 2007).  Petitioner did not file a PDR with the CCA.  Accordingly, Petitioner's conviction

became final on November 17, 2007, thirty days after the Court of Appeals of Texas' decision.

*See* Tex. R. App. P. 68.2 (stating the "petition must be filed within 30 days after either the day

the court of appeals' judgment was rendered or the day the last timely motion for rehearing

3

was overruled by the court of appeals").

Petitioner's first federal petition for habeas corpus, filed on May 19, 2008, and dismissed without prejudice on July 14, 2008, *Stanton v. Quarterman*, Civ. Action No. 6:08-cv-50 (S.D. Tex. 2008) (Dkt. Nos. 1 & 3), did not toll the limitations period under the AEDPA. *Duncan v. Walker*, 533 U.S. 167, 181 (2001); *Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999). However, Petitioner's state application, filed on November 7, 2008, ten days before the statue of limitations for Petitioner's federal writ petition expired, does toll the limitations period. Accordingly, Petitioner's federal writ petition was due on January 26, 2009, twelve days after the CCA decided Petitioner's state habeas application, as January 24, 2009, fell on a Saturday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed. R. Civ. P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) ("if the last day [of an applicable period] is a Saturday, a Sunday, or a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

When Petitioner filed his federal writ petition on July 21, 2009, (Dkt. No. 1 at 15), it was approximately six months too late.

Furthermore, and despite Petitioner's argument to the contrary, equitable tolling is unavailable. As the Fifth Circuit has explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling of the limitations period applies principally

4

where a petitioner is actively misled by the respondent about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted).  Ignorance of the law or excusable neglect is not a justification for equitable tolling.  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002).

Petitioner claims equitable tolling should apply to two time periods: 1) the time between the Court of Appeals of Texas' decision affirming Petitioner's conviction during the direct appeal process and the time Petitioner received notice from his attorney of the appellate court's decision—October 18, 2007 to March 14, 2008 and 2) "the 90 days he would [have] received upon filing a (P.D.R.)," (Dkt. No. 14 at 9).  The Court understands this ninety-day period to be the ninety days Petitioner would have had, if he had properly filed a PDR and it had been denied, to seek a writ of certiorari from the Supreme Court of the United States.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); Sup. Ct. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment).

However, Petitioner has not shown that he was diligent in pursuing his rights.  He did not challenge his conviction with a state writ of habeas corpus application until ten days before the expiration of the limitations period for his federal writ—and almost eight months after he allegedly received notice of the Court of Appeals of Texas' decision from his attorney. Because of this delay, Petitioner had only twelve days after the CCA dismissed his state habeas

5

application to file his federal writ, but he waited nearly six months.[5]  "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 n. 11 (5th Cir. 1999) (quoting *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).  Accordingly, Petitioner is not entitled to equitable tolling.

Petitioner has not established that he is entitled to any tolling.  Accordingly, his petition must be dismissed as barred by the governing one-year limitations period**.**

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition.  A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 277 (5th Cir. 2002).  To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).  For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right.  *See Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  Therefore, the Court denies the issuance of a certificate of appealability in this action.

---

[5]Even if the Court was to equitably toll the statute of limitations until Petitioner allegedly received notice of the Court of Appeals of Texas' opinion from his attorney, his petition would still be filed outside of the one-year limitations period.

6

## Conclusion

Respondent's motion to dismiss, (Dkt. No. 12), and amended motion to dismiss, (Dkt. No. 18), are GRANTED.  Petitioner's Motion to Dismiss Respondent Thaler's Motion, (Dkt. No. 14), is DENIED.  Petitioner's habeas petition is DISMISSED.  The Court also DENIES Petitioner a Certificate of Appealability.

Signed this 23rd day of April, 2010.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE